ANTONIA FIGUEROA DE QUIÑONES, ETC., ET AL., Plaintiffs and Appellees, *v.* TOMÁS GONZÁLEZ, Defendant and Appellant.

No. 5320.  Argued March 24, 1931.—Decided April 8, 1931.

*González Fagundo & González Jr.* for appellant. *F. Cervoni Gely* for appellees.

MR. JUSTICE ALDREY delivered the opinion of the Court.

Antonia Figueroa, acting for herself and as mother with *patria potestas* over her minor children, on October 22, 1929, filed a complaint in the District Court of Humacao in which she described a property measuring 41.361 acres (*cuerdas*), located in Vieques and bounded on the north by the sea, and alleged that on February 20, 1927, the plaintiffs leased to the defendant 38 acres of said property and that the remaining 3.361 acres, bounded on the north by the sea and on the south by the Playa Grande Road which crosses the main property from east to west, had continued in the possession of the plaintiffs; that it had been expressly agreed at the time the lease was made that a house existing on the west part of the said property close to the road, in an angle of the 3.361-acre parcel, would be reserved to the lessor regardless of whether or not it lay within the parcel excluded from the lease, for which reason the plaintiffs retained the possession of the house, leasing it for a schoolhouse and collecting the rent, without any objection on the part of the defendant, until September, 1929, when the defendant had prevented the plaintiffs from entering it; and that owing to the threats from the defendant the plaintiffs have been prevented from entering the parcel of land that was excluded from the lease to the defendant, who goes in and out, removes the fences and practically has taken possession of the whole tract. Based on the above allegations and on others which were

properly stricken out, prayer was made for a judgment ordering the defendant to restore the plaintiffs in the possession of the house and of the 3.361-acre parcel, and for any other proper relief.

The defendant answered the complaint and, after a trial, judgment was rendered for the plaintiffs only as regards the house in question.

In support of his appeal herein the defendant Tomás González urges that the lower court erred in overruling his demurrer to the complaint for lack of facts sufficient to constitute a cause of action and because it was ambiguous, unintelligible, and uncertain.

In our opinion the complaint is sufficient, as it is alleged therein that when the plaintiffs leased to the defendant the thirty-eight acres of the main property described they retained possession of the remaining 3.361 acres and also of a house standing on the west section of the estate, regardless of whether or not such house was within the tract excluded from the lease, in accordance with the express agreement between the parties; that they had been in possession of the said house since 1927, and that lately they have been deprived of such possession by the defendant. These allegations are sufficient to support the action herein for an injunction to recover possession of said house, since the description given of the latter as located in an angle of the west portion of the 3.361-acre parcel, or of the 38-acre tract leased, seems to us sufficient in the premises.

It is true that it is also stated in the complaint that, in consequence of the acts of the defendant regarding the house, the plaintiffs have been prevented from entering the parcel excluded from the lease and that the defendant goes in and out of such parcel and removes the fences; but this, which is an allegation to repossess the 3.361-acre parcel, does not render the complaint ambiguous, unintelligible, or uncertain. It is simply another cause of action, although not separately stated.

Another ground of appeal is that the judgment as regards the house is not supported by the evidence.

We have examined the evidence heard at the trial, in which from the beginning the question of the 3.361-acre parcel was discarded, and we find it sufficient to support the judgment appealed from, as it shows that the plaintiffs had been in possession of the house in controversy before and after the lease of the 38-acre tract to the appellant, collecting rent thereon for some three years, during which time it had been leased to the Vieques School Board; and that when at the termination of the lease of the house, the mother of the minors attempted to make some repairs on it, she was prevented from so doing by threats from the appellant, who also stated in the presence of the Municipal Judge of Vieques —on the occasion of a criminal charge brought by him against plaintiff Antonia Figueroa's husband, who was acquitted— that henceforth he would not allow either the said plaintiff or her husband, or anybody else acting in their behalf, to enter the house, and if they did so something would happen; and that he had not interfered with the house because it was leased to the municipality but that in the future he would act differently.

The other error assigned relating to the imposition of costs is without merit, in view of the above-stated facts.

Affirmed.

Mr. Justice Wolf took no part in the decision of this case.